**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tariq Moustapha, ) | No. CV-05-4115-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Complete Credit Solutions, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

The Court has reviewed Plaintiff pro se's Motion to Strike Answer and Motion for Default Judgment (Dkt. # 7) and Defendant's Response (Dkt. # 9). Plaintiff alleges that Defendants have violated Rule 12(a). "Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer within 20 days of being served with the summons and complaint . . ." Fed.R.Civ.P. 12(a)(1)(A). Plaintiff asserts entitlement to default judgment or that the Answer be stricken because Defendant failed to answer the Complaint within the twenty day time period prescribed by the Rule.

Default judgments are generally disfavored, as cases should be decided upon their merits whenever reasonably possible. Pena v. Seuros La Comerical, S.A., 770 F.2d 811, 814 (9th Cir. 1985). In this case, Defendant submitted an Answer on May 10, 2006 – two days beyond the deadline. Though Defendant's Answer was beyond the deadline, it was filed before Plaintiff filed the Motion to Strike the Answer and Motion for Default Judgment. The

1 case can now go forward.  Any delay in the case is slight and any prejudice to the Plaintiff
2 is minimal.
3     **Accordingly,**
4     **IT IS ORDERED** that Plaintiff's Motion to Strike the Answer and Motion for Default
5 Judgment (Dkt. #7) is denied.
6     DATED this 6th day of November, 2006.

                          Mary H. Murguia
                          United States District Judge